UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ELIZABETH A. GARDNER,<br>A CORPORATION SOLE OF AND<br>FOR BETHEL ARAM MINISTRIES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>YAVAPAI COUNTY ASSESSOR;<br>KAREN VICK; and VICTOR<br>HAMBRICK,<br><br>　　　　Defendants. | CIV 05-2964 PHX JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at dockets 3, 16, 18] |

## I.  MOTIONS PRESENTED

The original complaint in this case named Bethel Aram Ministries as plaintiff.  At docket 3, defendants moved to dismiss the complaint on the ground that Bethel Aram Ministries lacked capacity to sue.  That motion was fully briefed, but at docket 14 an amended complaint was filed naming Elizabeth A. Gardner, a corporation sole of and for Bethel Aram Ministries, as plaintiff *pro se* and terminating Bethel Aram Ministries as plaintiff.  Because Bethel Aram ministries is no longer a plaintiff, the motion at docket 3 is moot.

At docket 16, defendants move to dismiss the amended complaint on the grounds that the new plaintiff failed to exhaust its administrative remedies and that it cannot represent itself in federal court.  At docket 18, plaintiff filed an opposition to the motion at docket 16 and a motion to strike the motion at docket 16.  At docket 19, defendants filed a reply in support of their motion at docket 16 and a response to the motion to strike at docket 18.  At docket 20, plaintiff filed a reply in support of its motion to strike at docket 18.  Oral argument has not been requested on any of the motions and would not assist the court.

## II.  DISCUSSION

### A. Motion at Docket 16

In *Rowland v. California Men's Colony*, the Supreme Court noted that "[i]t has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."[1]  The Court also observed that "the rationale for that rule applies equally to *all* artificial entities."[2]  To further emphasize the rule, the Court criticized two lower-court decisions carving out exceptions for a partner appearing on behalf of a partnership and a sole shareholder appearing on behalf of a closely held corporation.[3]

*Rowland* requires dismissal of plaintiff's complaint.  As that case made clear, all artificial entities must be represented by licensed counsel in federal court.  Plaintiff is an

---

[1] 506 U.S. 194, 201-02 (1993) (citations omitted).

[2] *Id.* at 202 (emphasis added).

[3] *Id.* at 202 n.5 (citations omitted).

artificial entity[4] but is not represented by licensed counsel.  The court finds no basis to distinguish plaintiff from the artificial entities discussed in *Rowland* and, thus, no reason to excuse plaintiff from the requirement that it be represented by licensed counsel.

**B.  Motion To Strike at Docket 18**

Under Federal Rule of Procedure 12(f), motions to strike must be directed at pleadings.  The different types of pleadings are set out in Rule 7(a) and do not include motions.  The motion to strike at docket 18 targets a motion and not a pleading and, therefore, must be denied.

### III.  CONCLUSION

For the reasons set out above:

1) The motion at docket 3 is **DENIED** as moot.

2) The motion at docket 16 is **GRANTED**.  Plaintiff's complaint is **DISMISSED** without prejudice to re-file if and when it can secure licensed counsel.

3) The motion to strike at docket 18 is **DENIED**.

DATED at Anchorage, Alaska, this 25th day of January 2006.


                                        /s/
                                    JOHN W. SEDWICK
                              UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.,* BLACK'S LAW DICTIONARY 366 (8th ed. 2004) (defining "corporation sole" as "[a] series of successive persons holding an office ... [that] is viewed, by legal fiction, as having the qualities of a corporation") and ARIZ. REV. STAT. § 10-11901 (allowing corporations sole to "be formed to acquire, hold and dispose of church or religious society property for the benefit of religion").